FILED
2009 Aug-19 PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

BERNARD JEMISON,                )
                                )
      Plaintiff              )
                                )
vs.                             )    Case No. 4:09-cv-00326-HGD
                                )
MARY CARTER, et al.,            )
                                )
      Defendants             )

## MEMORANDUM OF OPINION AND ORDER

The magistrate judge filed a report and recommendation on July 14, 2009, recommending that all claims against defendants Deputy Warden Carter and Lieutenant Sanders be dismissed for failing to state a claim upon which relief can be granted, and that Carter and Sanders be dismissed as defendants from this action. The magistrate judge further recommended that the retaliation claim against Correctional Officer LaTonya Scott be referred to him for further proceedings.

The plaintiff filed objections to the report and recommendation on July 21, 2009. He objects to the dismissal of defendants Carter and Sanders and asserts the new allegation that he was not afforded due process in the February 16, 2009, disciplinary hearing because he was not allowed to "present requested witnesses in

his defense." (Doc. #8). However, the plaintiff's vague assertion is not sufficient to rebut the magistrate judge's report and recommendation. The plaintiff makes no effort to specifically identify the witnesses or the proposed testimony they would have provided, nor does he specifically identify the person who refused his request for witnesses or the reason given for the refusal. This lack of specificity becomes important when dealing with claims against governmental actors who are entitled to qualified immunity, which protects public officials not just from liability but from the burdens of a lawsuit as well. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998). Although governmental actors are not entitled to qualified immunity for a clear violation of the due process rights, the facts asserted in the plaintiff's objections, even when taken as true for the purposes of this review, are not sufficient to make such a claim.

While the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974), recognized an inmate's right to call witnesses and submit documentary evidence, that decision does not afford prisoners *unlimited* rights to call witnesses in disciplinary hearings. Recognizing that prison officials have the "extraordinarily difficult" task of operating correctional institutions which necessarily entails the responsibility for the safety of staff and inmates, the court in *Wolff* was reluctant to extend to prisoners the "unqualified right to call witnesses" in prison disciplinary proceedings. Instead,

the court extended to prison officials the "necessary discretion" to place limits on an inmate's right to call witnesses or present documents. *Wolff*, 418 U.S. at 566-67. The court recognized that an unrestricted right to call witnesses carries "the potential for disruption" and that [p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority." 418 U.S. at 566.

Considering the fact that prison administrators are afforded this discretion, the court finds that the naked allegation by a prisoner that he was refused requested witnesses does not, alone, state a due process claim. In this case, in light of the plaintiff's failure to provide specific factual support for his claim, the court is not obliged to defeat the defendants' qualified immunity by inferring claims beyond those that plainly appear on the face of the complaint or in his objections. *GJR Investments,* 132 F.3d at 1369. Absent additional facts not presently before the court, the plaintiff has failed to assert a due process claim against any of the defendants.

More importantly, even if the plaintiff had asserted adequate factual allegations to show a denial of due process, his claims would nevertheless be subject to dismissal on the authority of *Sandin v. Conner*, 515 U.S. 472 (1995), because he has failed to show that his punishment was a "dramatic departure" from the ordinary conditions of incarceration. In this case, the plaintiff has alleged that he was sentenced to

disciplinary segregation and a temporary loss of privileges, neither of which amounts to the loss of a substantive interest protected by the Due Process Clause in the context of prison discipline.

Accordingly, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, and for the reasons stated above, the court is of the opinion that the magistrate judge's report is due to be and hereby is ADOPTED and the recommendation is ACCEPTED. Therefore, the court ORDERS that the plaintiff's claims against defendants Carter and Sanders are hereby DISMISSED for failing to state a claim upon which relief can be granted, and defendants Carter and Sanders are DISMISSED WITH PREJUDICE as defendants in this cause.

The plaintiff's remaining retaliation claim against Correctional Officer LaTonya Scott is REFERRED to the magistrate judge for further proceedings.

DONE this 19th day of August, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE